[Crim. No. 132.    Department Two.—October 22, 1896.]

## THE PEOPLE, RESPONDENT, *v.* CLAUDE ARMSTRONG, APPELLANT.

CRIMINAL LAW—LARCENY—NAME OF OWNER OF PROPERTY—IMMATERIAL VARIANCE.—Where the information charged the defendant with the theft of a horse described as the "property of George P. Sisler and Sam Sisler," evidence showing that Samuel was the full given name of the person called Sam Sisler in the information, though he was commonly known by the latter designation in the community where he lived, does not disclose a material variance between the allegation and the proof.

ID.—INSTRUCTIONS — TESTIMONY OF ACCOMPLICE — REASONABLE DOUBT. Where testimony inculpatory of the defendant was given by one who confessedly was an accomplice in the offense charged, and the court instructed the jury that a conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which, in itself, tends to connect the defendant with the commission of the offense, a subsequent instruction that, if the jury were satisfied beyond a reasonable doubt that the defendant was guilty of the crime charged in the information it would be their duty to return a verdict to that effect, does not authorize the jury to infer that they could be satisfied of defendant's guilt by the testimony of the accomplice alone.

ID.—CHARGE TO BE TAKEN AS A WHOLE.—The charge of the court is to be taken as a whole, and it is not necessary that each paragraph should contain all the conditions and limitations expressed in the others.

ID.—CORROBORATION OF ACCOMPLICE.—The evidence reviewed and shown to be sufficiently corroborative of the testimony of an accomplice to the guilt of the defendant, to warrant a verdict of conviction.

ID.— FLIGHT OF DEFENDANT—CAUSE A QUESTION FOR JURY.—The question whether the flight of the defendant was to avoid arrest for some breach of the peace, or on account of the offense charged, is for the jury; and they are not bound to attribute the consciousness of guilt indicated by flight to one disposing cause rather than the other.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. WHEATON A. GRAY, Judge.

The facts are stated in the opinion.

*Lamberson & Middlecoff*, for Appellant.

The court erred in refusing to dismiss the information and acquit defendant, on the ground of variance between the information and evidence, as the information charged the property as belonging to Sam Sisler and George P. Sisler, while the evidence showed that it belonged to Samuel Sisler and George P. Sisler. (*Sullivan* v. *People*, 6 Col. App. 458; *People* v. *Wallace*, 94 Cal. 497; *People* v. *Christian*, 101 Cal. 471.) The instruction of the court to the jury, "if you are satisfied beyond a reasonable doubt the defendant is guilty of the crime charged in the information, it will be your duty to return a verdict to that effect," was clearly wrong, as it in effect told the jury that if they believed the defendant guilty, even though that belief were founded on the evidence of the accomplice alone, they should find a verdict of guilty. (*People* v. *Clough*, 73 Cal. 348.) The first instruction given by the court being correct and the second wrong, the two were clearly contradictory, and the error in giving the oral instructions was not forestalled or cured by the previous giving of the correct instruction. (*Sappenfield* v. *Main Street, etc. R. R. Co.*, 91 Cal. 48; *Brown* v. *McAllister*, 39 Cal. 573; *Chidester* v. *Consolidated etc. Co.*, 53 Cal. 56; Hayne on New Trial and Appeal, sec. 123; *People* v. *Sanchez*, 24 Cal. 17; *People* v. *Elliott*, 90 Cal. 586.) The verdict is contrary to law for the reason that the court instructed the jury that the evidence of an accomplice must be corroborated before a verdict can be had, and there was not evidence corroborative of accomplice Barlow sufficient to base a verdict upon. (*People* v. *Thompson*, 50 Cal. 480; *People* v. *Smith*, 98 Cal. 218; *People* v. *Koening*, 99 Cal. 574; *In re Buckley*, 69 Cal. 12.)

*W. F. Fitzgerald, Attorney General, W. H. Anderson, Assistant Attorney General*, and *Henry E. Carter, Deputy Attorney General*, for Respondent.

If the difference between " Sam " and " Samuel " is variance at all, it is so slight as to be wholly immaterial.

(*People* v. *Leong Quong*, 60 Cal. 107; *People* v. *Edwards*, 59 Cal. 359; *People* v. *McGilver*, 67 Cal. 55; *People* v. *Bitancourt*, 74 Cal. 188; *People* v. *Arras*, 89 Cal. 223.) The instruction concerning the testimony of accomplices having been once fully given it was not necessary to repeat it in other portions of the charge. The charge must be read and considered as a whole, and if, as a whole, it states the law, that is sufficient. (*People* v. *McDowell*, 64 Cal. 467; *People* v. *Kernaghan*, 72 Cal. 609; *People* v. *Lee Sare Bo*, 72 Cal. 623; *People* v. *Chun Heong*, 86 Cal. 329; *People* v. *Schmitt*, 106 Cal. 48.) The instructions were not conflicting. The evidence is sufficient to justify the verdict. The testimony of witness Hofley showed that defendant virtually admitted, when arrested, that he was fleeing from justice; that he did n't expect to be taken; that if he had been given an opportunity he would have resisted arrest. Also, that, when arrested, he had in his possession one of the bridles that had been stolen with the horse. This evidence is sufficiently corroborative of witness Barlow. (Roscoe's Criminal Evidence, 19, 501, 503; Bishop's New Criminal Procedure, sec. 1250; Wharton's Criminal Evidence, sec. 750; *People* v. *Ramirez*, 56 Cal. 537; 38 Am. Rep. 73; *People* v. *Welsh*, 63 Cal. 167; *People* v. *Fine*, 77 Cal. 147; *Aiken* v. *State*, 10 Tex. App. 617; *Bowles* v. *State*, 58 Ala. 335; *People* v. *Stanley*, 47 Cal. 113; 17 Am. Rep. 401; *Ross* v. *State*, 74 Ala. 532; *People* v. *Choy Ah Sing*, 84 Cal. 276; *People* v. *Strong*, 46 Cal. 302; *People* v. *Lock Wing*, 61 Cal. 380; *People* v. *Ah Fook*, 64 Cal. 380; *People* v. *Forsythe*, 65 Cal. 101; *People* v. *Giancoli*, 74 Cal. 642; *Greenfield* v. *People*, 85 N. Y. 75; 39 Am. Rep. 636; *Blake* v. *State*, 3 Tex. App. 581, 586; *Gose* v. *State*, 6 Tex. App. 121.)

BRITT, C.—1. On the night of July 25, 1895, a horse, two bridles, and a saddle were stolen from the premises of the brothers Sisler in Tulare county. Defendant was convicted of the theft of the horse under an information in which the animal was described as the "property of

George P. Sisler and Sam Sisler." The evidence showed that Samuel was the full given name of the person called Sam Sisler in the information, though he was commonly known by the latter designation in the community where he lived. Appellant contends that here was a case of fatal variance between allegation and proof. The objection is untenable. (*People* v. *Leong Quong,* 60 Cal. 107; *People* v. *Smith,* 112 Cal. 333.)

2. Testimony inculpatory of defendant was given at the trial by one Barlow, who confessedly was an accomplice in the offense charged. The court instructed the jury, in the language of section 1111 of the Penal Code, that a conviction cannot be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself tends to connect the defendant with the commission of the offense, etc. Among other instructions it also gave the following: "If you are satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged in the information, it will be your duty to return a verdict to that effect." Appellant argues that the jury might have inferred from this instruction that they could be satisfied of defendant's guilt by the testimony of Barlow alone. But the court had informed them that evidence corroborative of that of the accomplice was indispensable to conviction, and it must be assumed that this caution was held in mind when the jury came to consider whether defendant was guilty beyond a reasonable doubt. The charge was to be taken as a whole, and it was not necessary that each paragraph should contain all the conditions and limitations expressed in the others. (*People* v. *Morine,* 61 Cal. 367, and cases cited; *People* v. *Leonard,* 106 Cal. 302, 314.)

3. It is further contended that there was no evidence corroborative of Barlow and tending to connect defendant with the commission of the offense. It appeared that defendant and Barlow were two of a trio of intimates, the third being one Morgan. According to defendant's own statements and admissions at the trial, Barlow and Morgan " got the horse " in the night-

time—in what manner defendant claimed not to know —while he waited for them at an appointed meeting place; he recognized the horse as belonging to Sisler; the three surreptitiously fled together from the vicinity of the larceny, and by a most circuitous route, covering seven or eight hundred miles, reached the county of Madera, the horse—ridden, it seems, by Morgan—being taken with the party. There was further evidence, independent of that of Barlow, that defendant next went north to Yolo county, where he was arrested on the present charge, having then in his possession one of the bridles which was stolen with the horse. He expressed astonishment at being overtaken after the efforts he had made to evade pursuit, and declared that if he had not been surprised he would have resisted capture even to the killing of the arresting officer. We think the facts here stated tended strongly to corroborate the testimony of Barlow to the effect that the horse was stolen as the result of a conspiracy for that purpose between himself, Morgan, and defendant; in which case it was not important whether defendant or Barlow—as the latter claimed—was the person who tarried at the common rendezvous while the other conspirators led the animal from its owners' corral. True, there was evidence to show that before the theft of the horse the defendant was, as he put it, "taking precautions to avoid running into an officer," being apprehensive of arrest for some breach of the peace, and his flight might have been ascribed to such apprehension; but this was a circumstance for the jury; they were not bound to attribute the consciousness of guilt indicated by flight to one disposing cause rather than the other. The evidence warranted the verdict. (See *People* v. *Cleveland*, 49 Cal. 578; *People* v. *Rolfe*, 61 Cal. 540; *People* v. *Hong Tong*, 85 Cal. 171.) The judgment and order denying a new trial should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

MCFARLAND, J., HENSHAW, J., TEMPLE, J.