[Crim. No. 516. First Appellate District.—May 5, 1914.]

## In the Matter of the Application of ELLA CLARK for a Writ of Habeas Corpus.

MUNICIPAL CORPORATION—VIOLATION OF LIQUOR ORDINANCE—RECOVERY OF PENALTY—CRIMINAL PROCEEDING.—A proceeding by a municipal corporation, in its own name and in the form and with the process of a civil action, to recover the penalty for a sale of liquor in violation of an ordinance, which results in the arrest and imprisonment of the defendant for default in the payment of the judgment recovered, violates section 20 of article VI of the constitution providing that "the style of all process shall be 'The People of the State of California,' and all prosecutions shall be in their name and by their authority." The offense is public in its nature, and the proceeding is criminal in its character.

ID.—PROSECUTIONS IN NAME OF PEOPLE—CASES IN INFERIOR TRIBUNALS.— This constitutional provision is not confined to prosecutions before the higher tribunals, but is applicable to proceedings in inferior courts arising out of the violation of municipal ordinances.

ID.—VIOLATION OF LIQUOR ORDINANCE—NATURE OF OFFENSE—QUASI CRIMINAL ACT.—The sale of liquor in violation of a municipal ordinance is not without such provision of the constitution on the theory that the offense is "quasi criminal." No such intermediate grade between civil and criminal breaches of legal obligations is known to our law; there is no room between the terms of sections 22 and 24 of the Code of Civil Procedure for quasi criminal acts, or actions for their prevention or redress.

ID.—OFFENSE AGAINST PUBLIC—VIOLATION OF ORDINANCE.—Nor is such offense without the constitutional provision on the theory that it is not an offense against the public generally, but only an infraction of the special enactment of a city in the enforcement of which it alone is interested.

ID.—CHARACTER OF CONSTITUTIONAL PROVISION REQUIRING PROSECUTIONS TO BE IN NAME OF THE PEOPLE.—The requirement of the constitution that prosecutions shall be in the name of and by the authority of the people is one which goes to the very substance and not mere shadow of those essential rights to which the individual is entitled when proceeded against for an alleged infraction of a law having for its penalty the deprivation of personal liberty.

PETITION for Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Burns & Watkins, and E. D. Edwards, for Petitioner.

H. A. Savage, and M. G. Gallaher, for Respondent.

RICHARDS, J.—The questions involved in this case arise upon the application of Ella Clark for a writ of *habeas corpus,* alleging the unlawfulness of her confinement in the county jail of Fresno County. The undisputed facts of the case are set forth in the petitioner's application for the writ, and are substantially these: The city of Sanger is a municipal corporation of the sixth class, and has been organized and exists as such under the provisions of the Municipal Incorporation Act of the state of California applicable to cities of its class. [Stats. 1883, p. 269.] Subdivision 1 of section 862 of that act empowers such cities "to pass ordinances not in conflict with the constitution and laws of this state or of the United States." By subdivision 14 of the same section such cities are empowered "to impose fines, penalties and forfeitures for any and all violations of ordinances; to fix the penalty at fine or imprisonment or both; but no such fine shall exceed $300, nor the term of imprisonment exceed three months." By section 867 of the same act it is provided that "The violation of any ordinance of such city or town shall be deemed a misdemeanor, and may be prosecuted by the authorities of such city or town in the name of the People of the State of California, or may be redressed by civil action at the option of such authorities." The city of Sanger, assuming to be acting under the foregoing provisions of the Municipal Incorporation Act, passed an ordinance for police regulation relating to the sale of intoxicating liquors, and kindred subjects, by the terms of which the sale of intoxicating liquors in the city of Sanger was declared to be unlawful, and the specific penalty of forty dollars was imposed for the breach thereof, which penalty it was provided should be recoverable in a civil action against the violator of the ordinance, which action the city of Sanger was authorized and empowered to maintain and prosecute in its own name. The ordinance further provided that "Whenever judgment is given and entered in any such action in favor of the city of Sanger for the recovery of the amount of such penalty and costs, the same may be enforced by execution, as provided in section 684 of the Code of Civil Procedure of the

state of California, which section of said code is hereby adopted in so far as the same is applicable; and if the judgment in any such action direct that the defendant therein be arrested, execution may issue against the person of such judgment debtor after the return of execution against his property unsatisfied in whole or in part, and require the officer to whom the same is directed to arrest such judgment debtor and commit him to the county jail of Fresno County, state of California, until he pay such judgment according to the terms thereof or be discharged according to law.''

On the eleventh day of October, 1913, the city of Sanger commenced six actions each entitled ''The City of Sanger, a municipal corporation, Plaintiff, *versus* Ella Clark, Defendant,'' in the recorder's court of said city. The complaint in each of said actions set forth an alleged violation of the terms of the foregoing ordinance and consequent liability of the defendant to the penalty of forty dollars in each case prescribed therein; a summons in each case in the usual form of process in civil actions was issued and duly served upon the defendant in the way provided for the service of civil process. The defendant in due time appeared and entered a general denial in each case, and a trial in each, apparently in the usual form of a civil trial, was had before the court, at the conclusion of which the court took the several cases under advisement, and on the following day rendered its judgment against the defendant in each case in the following form: ''That plaintiff do have and recover the sum of forty dollars and costs, taxed at $17.50, from the defendant Ella Clark; and that execution for said amount and costs issue according to law; and that in the event said execution is returned unsatisfied I do direct that the city marshal or other authorized officer arrest this defendant Ella Clark, and commit her to the county jail in the county of Fresno and to the custody of the sheriff of said county, until she pay the penalty of forty dollars hereby adjudged to be due the plaintiff, or is discharged according to law.'' Upon each of these judgments a civil execution was issued and was presently returned unsatisfied; and thereupon the recorder rendered and entered in each case a further judgment in the following words: ''Execution in this action having been regularly returned wholly unsatisfied it is by this court ordered and adjudged, as a punishment for the

offense committed at the city of Sanger, county of Fresno, on September 10, 1913, as above set out, that said defendant Ella Clark be committed to the county jail in the county of Fresno and to the custody of the sheriff of said county for the period of forty days, unless she sooner pay said penalty or the part remaining to be paid at the time payment is made, or otherwise discharged according to law.'' Thereupon a commitment was issued by the court in the first of these cases, and delivered to the sheriff of the county of Fresno, who, acting thereunder, arrested the petitioner and imprisoned her in the county jail; from which arrest and imprisonment she now seeks to be relieved through her application for this writ. The commitments in the other five cases were also delivered to the sheriff, who holds the same subject to execution in their order upon the person of the defendant.

The chief contention of the petitioner herein is that her arrest and imprisonment are illegal for the reason that she has been proceeded against and is being imprisoned in a civil action not involving fraud or a willful tort, or a militia fine in time of peace; but which, though civil in form is criminal in nature because solely involving the imposition of a penalty for the commission of a misdemeanor; which proceedings, the petitioner contends, were instituted and conducted by the city of Sanger in its own name and in the form and with the process of civil actions, in violation of the provisions of the constitution, and the laws of the state passed thereunder, regulating the prosecution of persons for crimes.

Section 20 of article VI of the state constitution provides that ''The style of all process shall be 'The People of the State of California,' and all prosecutions shall be in their name and by their authority.'' The Penal Code provides that ''Crimes are divided into felonies and misdemeanors'' (sec. 16), and further provides that ''A criminal action is prosecuted in the name of the people of the state of California as a party against the persons charged with the offense.'' (Sec. 684.) The supreme court of California has construed the foregoing provisions of the constitution in several cases, and in relation to several different forms of proceeding, having for their ultimate consequence the imposition of a penalty in the form of imprisonment or other punishment involving disgrace. In the case of *City of Santa Barbara* v. *Sherman,*

61 Cal. 57, which involved an action prosecuted in the name
of the city of Santa Barbara for the violation of an ordinance,
the penalties of which were fine and imprisonment, the court
held that the action was essentially criminal, and hence must
be prosecuted in the name of the people. In the case of *Kil-
burn* v. *Law*, 111 Cal. 237, [43 Pac. 615], a proceeding insti-
tuted under section 772 of the Penal Code in the name of a
private party for the removal of certain bank commissioners
from office, the court held that, being instituted for the pun-
ishment of an offense in its nature criminal, the proceeding
must be prosecuted in the name of the people. In the case
of *Fitch* v. *Board of Supervisors*, 122 Cal. 285, 288, [54 Pac.
901], the court held that section 8 of the act of the legislature
adopted March 7, 1881, [Stats. 1881, p. 56], which provided
for the institution of an action by ''any interested party''
against the board of supervisors to enforce the penalty of
removal from office for their failure or refusal to perform
the specific duties prescribed in the act, was void because in
violation of the said provision of the constitution requiring
all prosecutions to be in the name of the people of the state
of California. In these several cases the supreme court has
applied this provision of the state constitution indifferently
to cases, whether they arose under city ordinances or state
statutes, where the evident purpose and ultimate effect of the
proceeding was to punish the defendant for an unlawful act;
that this would seem to be the true test by which the validity
of the proceeding must be determined, regardless of the form
or circumlocutions of the statute or ordinance, there cannot
be much serious question, especially when the real and vital
object of the constitutional provision is divined. In requiring
that all criminal actions must be prosecuted in the name of
the people the framers of the constitution had evidently in
mind those safeguards which the law has invoked for the pro-
tection of the liberty, property, or honor of persons accused
of public offenses—the right of trial by jury in proper cases;
the right to stand mute and not to be required to be a witness
against oneself; the right to have the presumption of inno-
cence prevail until overcome by proof of guilt beyond reason-
.able doubt and to a moral certainty as contrasted with the
mere preponderance of evidence required in civil cases; the
right or compulsion to be personally present in certain stages

of the proceeding, and to be there informed both audibly and visibly as to the nature and seriousness of the offense, and the need as well as the right to the benefit and aid of counsel; it was doubtless to ensure these salutary safeguards for the benefit of persons sought to be penalized for either felonies or misdemeanors that this general and all-embracing clause was inserted in our state constitution.

Counsel for the respondent has urged that the same provision is to be found in the state constitution of Iowa, and which has been construed by the supreme court of that state to apply only to prosecutions before the higher tribunals referred to in the article of the constitution of that state wherein the provision occurs, and hence not to be applicable to proceedings in inferior courts arising out of the violation of municipal ordinances. The supreme court of this state has not caught this distinction; nor do we think that there is reason for its application to this provision of our state constitution; for the article therein which embraces this section refers to the judicial power of the state as vested not only in its courts of general jurisdiction, but also ''in such inferior courts as the legislature may establish in any incorporated city or town.'' (Const., art. VI, sec. 1.) In this connection also it is urged by the respondent that the offense for which the defendant has been prosecuted is not such a public offense as to entitle it to the application of this section of the constitution for two reasons: 1. Because it comes within that class of minor infractions of ordinances which are denoted in' the decisions of several states as ''*quasi* criminal''; and, 2. Because it is not an offense against the public generally, but only an infraction of the special enactment of the city of Sanger in the enforcement of which that municipality alone is interested.

As to the first of these refinements it may be said that no such intermediate grade between civil and criminal breaches of legal obligations is known to our law. Section 24 of the Code of Civil Procedure states that ''Actions are of two kinds: civil and criminal''; while section 22 of the same code provides that ''An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.'' There

is no room between the terms of these two sections of the code for *quasi* criminal acts or actions for their prevention or redress. "A criminal action is an action, suit or cause instituted to punish an infraction of the criminal laws, and, with this object in view, it matters not in what form a statute may clothe it. It is still a criminal case." (*Thurston* v. *Clark,* 107 Cal. 285, 289, [40 Pac. 437].) Nor do we think that the second refinement of the respondent can be drawn from the facts of this case. The defendant is being proceeded against for an infraction of an ordinance of the city of Sanger, adopted as a police regulation, and making unlawful the sale of intoxicating liquors in that city. The inhibited act is in its very nature an offense against the public welfare, and has always been so regarded when ordinances forbidding its commission have come under review; besides, it is expressly made a misdemeanor by the terms of the Municipal Incorporation Act; and in addition to this the defendant is actually being deprived of her liberty by being incarcerated in the county jail at public expense, in which fact or condition the general public is interested in a two-fold sense. We think the offense to be clearly public in its nature, and the proceeding as clearly criminal in its character. We think also that the requirement of the constitution that prosecutions shall be in the name of and by the authority of the people is one which goes to the very substance and not mere shadow of those essential rights to which the individual is entitled when proceeded against for an alleged infraction of a law having for its penalty the deprivation of personal liberty.

This view of the chief question at issue renders unnecessary a consideration of the other question presented by petitioner, relating to the concurrent operation of the five other judgments and commitments obtained in the similar and simultaneous cases brought against the defendant under the terms of the ordinance under review.

For the reasons stated the petitioner is discharged from custody.

Lennon, P. J., and Kerrigan, J., concurred.