[Crim. No. 1290. First Appellate District, Division One.—October 2, 1925.]

In the Matter of the Application of GEORGE V. NICHOLLS for a Writ of Habeas Corpus.

[1] MUNICIPAL CORPORATIONS — INSTALLATION OF PLUMBING WITHOUT PERMIT — VIOLATION OF ORDINANCE — PROSECUTION IN NAME OF PEOPLE.—A prosecution for a violation . of an ordinance of the city and county of San Francisco making it a misdemeanor for any person to install or to alter the plumbing in any new or old building or in any premises therein without first obtaining a permit from the board of health of said city and county, may be maintained in the name of the People of the State of California in the police court of said city and county.

[2] ID.—CONVEYANCE OF SEWAGE—PUBLIC HEALTH—POLICE POWER— WHAT "PLUMBING" INCLUDES. — Regulation by ordinance of methods and devices for the conveyance of sewage from private dwellings in municipalities is recognized as an exercise of that branch of the police power which pertains to the public health; and the word "plumbing" is held to include the pipes, fittings and fixtures for the conveyance of such sewage.

[3] ID.—PLUMBING IN PRIVATELY OWNED PREMISES—BOARD OF HEALTH —SAN FRANCISCO CHARTER. — No provision being made by the charter of the city and county of San Francisco regulating the installation or alteration of sewerage systems in premises privately owned, or for the granting of permits therefor or inspection by the authorities of such work either during its progress or upon completion, and such regulation being within the powers granted to the supervisors, the requirement that a permit therefor be granted by the board of health, and that there be an inspection thereof by officers duly authorized, is not in conflict with the powers of the board of public works of said city and county, or a delegation to the board of health of the power to legislate as to the terms or conditions upon which a permit should issue, but a proper preliminary requirement in order that it might be ascertained that the work of alteration proposed would be in accordance with the sanitary regulations of the board of supervisors and might at the proper time be inspected to the end that the public health be preserved and protected.

2. Validity of regulations as to plumbers and plumbing, note, 36 A. L. R. 1342. See, also, 6 R. C. L. 206.

3. See 18 Cal. Jur. 840.

[4] ID.—ORDINANCE—CONSTRUCTION OF.—The provision of such ordinance requiring a permit from the board of health to install or to alter the plumbing in any new or old building or in any premises therein had no necessary relation to the provisions thereof fixing the qualifications of those engaged in the business of plumbing, and was directed solely to enforcing compliance with sanitary regulations as to the methods and devices to be used in the conveyance of sewage and the inspection of the system as installed or changed.

[5] ID.—PARTIAL INVALIDITY OF ACT—EFFECT UPON WHOLE—STATUTORY CONSTRUCTION.—The possible invalidity of an independent provision in an act cannot affect the validity of other provisions therein unless the giving of such partial effect would be to accomplish a purpose not intended by the law-making power; or unless all the parts of the act are so interdependent as that no one part can be eliminated without destroying the force of the whole act.

[6] ID.—INSTALLATION OF SEWER—CONVICTION FOR VIOLATION OF ORDINANCE—HABEAS CORPUS—EVIDENCE.—On a proceeding in *habeas corpus* to secure release from custody after conviction of a violation of a city ordinance, in that the petitioner installed and changed certain sewer-pipe on premises without first obtaining a permit as provided by ordinance, the question of fact whether the alteration of the sewer was without a described building cannot be considered; and petitioner having been found guilty as charged in the complaint, questions as to the effect or sufficiency of the evidence cannot be reviewed.

[7] ID.—SEWER-PIPE PART OF PLUMBING IN BUILDING—CONSTRUCTION OF ORDINANCE.—A sewer-pipe within and forming a part of a system for the conveyance of sewage from a building may reasonably and should be held to constitute within the meaning of the ordinance a part of the plumbing in such building.

---

(1) 28 Cyc., p. 789, n. 33.    (2) 28 Cyc., p. 710, n. 8 New; 31 Cyc., p. 890, n. 13, p. 891, n. 15.    (3) 28 Cyc., p. 702, n. 17; 31 Cyc., p. 695, n. 87.    (4) 28 Cyc., p. 372, n. 45; 36 Cyc., p. 976, n. 27.    (5) 28 Cyc., p. 372, n. 45.    (6) 29 C. J., p. 46, n. 68.    (7) 31 Cyc., p. 891, n. 15.

PROCEEDING on Habeas Corpus to secure release from custody after conviction of violation of city ordinance. Writ dismissed; petitioner remanded.

5.  See 18 Cal. Jur. 933; 19 R. C. L. 816.
6.  See 13 Cal. Jur. 219.

The facts are stated in the opinion of the court.

Chas. W. Kitts for Petitioner.

R. M. J. Armstrong for Respondent Sheriff.

Matthew Brady, District Attorney, for Respondent.

Arthur H. Barendt, representing Board of Health.

CASHIN, J.—Petitioner was convicted in the police court of the city and county of San Francisco of a misdemeanor, as a punishment was sentenced to pay a fine, and in default of such payment to be imprisoned. Having been committed pursuant to the judgment he has applied for a writ of *habeas corpus*.

The complaint in the action, which was prosecuted in the name of the People of the State of California, charged a violation of an ordinance of the city and county known as the "Plumbing Law," making it a misdemeanor for any person to install or to alter the plumbing in any new or old building or in any premises therein without first obtaining a permit from the board of health of the city and county, the complaint alleging that petitioner installed and changed certain sewer-pipe on premises, described therein by reference to a street and number in that city and county, without first obtaining a permit as provided by the ordinance mentioned.

[1] It is contended by petitioner that the city and county of San Francisco having adopted, under the provisions of section 8 of article XI of the constitution of the state of California, a charter for its own government, any prosecution for a violation of its ordinances can be maintained only in the name of the municipality and not in the name of the People of the State of California.

A violation of the ordinance in question being made an offense punishable by both fine and imprisonment, petitioner's contention is met not only by the provisions of such charter (secs. 2 and 3, c. 8, art. V) giving to the police court exclusive jurisdiction of all prosecutions for the violation of ordinances, and requiring that the proceedings in that court shall be conducted in accordance with state laws

regulating proceedings in justices' and police courts, but by the constitutional and statutory requirement that criminal actions shall be prosecuted in the name of the People of the state (art. VI, sec. 20, Const. of Cal.; sec. 684, Pen. Code; *In the Matter of Clark*, 24 Cal. App. 389 [141 Pac. 831]; *Santa Barbara* v. *Sherman*, 61 Cal. 57).

It is further urged that the provisions of the ordinance requiring the procurement from the board of health of permits for the doing of work of the character mentioned are void as an attempt to confer on that board powers which by the charter are vested in the board of public works.

It is provided by subdivision 1, section 9, chapter 1, of article VI of the charter that the board of public works shall have charge, superintendence and control, under such ordinances as may be adopted by the supervisors, of all public streets and places, with exclusive authority in that connection to prescribe rules and grant permits in conformity with such ordinances for the construction, laying down and taking up of sewers and drains therein; and while by subdivisions 2 and 5 of the same section that board is given charge, superintendence and control under such ordinances "of all sewers, drains and cesspools and of the work pertaining thereto or to the drainage of the city and county," and "the supervision of any and all building construction in the city and county," it is granted exclusive authority to issue permits only in connection with the construction, taking up and laying down of such sewers and drains in public places.

The board of supervisors has general power to enact all necessary sanitary laws and regulations (charter, art. II, c. 2, sec. 1), and it is further provided that the board of health shall have the control of all matters pertaining to the preservation, promotion and protection of the lives and health of the inhabitants of the city and county, it being made the duty of the latter board to enforce all ordinances, rules and regulations adopted by the board of supervisors for the protection of the public health (charter, art. X, secs. 3 and 4).

[2] Regulation by ordinance of methods and devices for the conveyance of sewage from private dwellings in municipalities is recognized as an exercise of that branch of the police power which pertains to the public health; and the

word "plumbing" is held to include the pipes, fittings and fixtures for the conveyance of such sewage (31 Cyc., p. 890; *Bregman* v. *Winkler,* 120 Misc. Rep. 483 [198 N. Y. Supp. 758]).

[3] No provision being made by the charter regulating the installation or alteration of such systems in premises privately owned, or for the granting of permits therefor or inspection by the authorities of such work either during its progress or upon completion, and such regulation being within the powers granted to the supervisors, the requirement that a permit therefor be granted by the board of health, and that there be an inspection thereof by officers duly authorized, is not in conflict with the powers of the board of public works, or a delegation to the board of health of the power to legislate as to the terms or conditions upon which a permit should issue, but a proper preliminary requirement in order that it may be ascertained that the work or alteration proposed would be in accordance with the sanitary regulations of the board of supervisors and may at the proper time be inspected to the end that the public health be preserved and protected (*In re Holmes,* 187 Cal. 640 [203 Pac. 398]; *Laurelle* v. *Bush,* 17 Cal. App. 409 [119 Pac. 953]; *Ex parte Fiske,* 72 Cal. 125 [13 Pac. 310]).

It is further urged that certain provisions of the ordinance requiring those who would engage in the business of plumbing to submit to examination by the board of health as to their qualifications, to pay certain fees and file an undertaking with that board for the faithful performance of duty, as conditions precedent to registration as plumbers, and making it unlawful to engage in the business of plumbing without procuring a certificate of registration, render the ordinance invalid in that the power to require such examination, if it exists, is vested in the board of supervisors and could not be delegated to the board of health.

The question of the validity of these provisions of the ordinance is, however, not necessary to be determined in this proceeding. Petitioner was not charged with having been engaged in the business of plumbing in violation of the ordinance, but with the doing of certain acts without the permit required to be obtained by all persons, whether registered

plumbers or others, who would perform the acts therein mentioned.

[4] The provision of the ordinance requiring the permit here in question had no necessary relation to the provisions thereof fixing the qualifications of those engaged in the business of plumbing, and was directed solely to enforcing compliance with sanitary regulations as to the methods and devices to be used in the conveyance of sewage and the inspection of the system as installed or changed.

[5] The possible invalidity of an independent provision in an act cannot affect the validity of other provisions therein unless the giving of such partial effect would be to accomplish a purpose not intended by the law-making power; or unless all the parts of the act are so interdependent as that no one part can be eliminated without destroying the force of the whole act (*In re Spencer,* 149 Cal. 396 [117 Am. St. Rep. 137, 9 Ann. Cas. 1105, 86 Pac. 896]; *In re Mitchell,* 19 Cal. App. 567 [126 Pac. 856]; *Roberts* v. *Police Court,* 148 Cal. 131 [82 Pac. 838]).

[6] Petitioner urges further as a fact conceded at the trial that the act alleged to have been done in violation of the ordinance was the alteration of a certain sewer without, though alleged in the complaint to have been situated within, a described building; and that the word "plumbing" as used in the ordinance does not properly include sewers either within or without a building, though a part of the system used in the conveyance of sewage therefrom.

The question of fact suggested cannot be considered in this proceeding. Petitioner having been found guilty as charged in the complaint, questions as to the effect or sufficiency of the evidence cannot be here reviewed (*In re Leonardino,* 9 Cal. App. 690 [100 Pac. 708]; *In re Gutierrez,* 46 Cal. App. 94 [188 Pac. 1004]); [7] and we are of the opinion that a sewer-pipe within and forming a part of a system for the conveyance of sewage from a building may reasonably and should be held to constitute within the meaning of the ordinance a part of the plumbing in such building.

The complaint having stated a public offense of which the police court had jurisdiction, the proceedings and process being regular in form, and the provisions of the

ordinance under which the conviction was had not being shown to be invalid, the writ is dismissed and petitioner remanded.

Tyler, P. J., and Knight, J., concurred.