[Crim. No. 1373. Second Appellate District, Division Two.—December 28, 1926.]

# THE PEOPLE, Respondent, v. THOMAS P. FRAZER, Appellant.

**[1]** CRIMINAL LAW—ACCOMPLICE—CORROBORATION — EVIDENCE. — Under section 1111 of the Penal Code it is not necessary that the incriminating evidence be corroborative of every fact testified to by the accomplice, but, standing alone, it must tend to connect the defendant with the commission of the offense.

**[2]** ID.—CONFESSIONS—ADMISSIONS—CORROBORATION.—A confession or admission by defendant in a criminal case may be sufficient corroboration of the testimony of an accomplice.

**[3]** ID.—CORPUS DELICTI—PROOF BY TESTIMONY OF ACCOMPLICE—EVIDENCE.—The *corpus delicti* may be sufficiently proven by the tes-

1. See 8 Cal. Jur. 178; 1 R. C. L. 168.
2. See 8 Cal. Jur. 180; 1 R. C. L. 171.
3. See 8 Cal. Jur. 235.

timony of an accomplice to warrant the introduction of admissions or confessions of the defendant.

[4] ID. — BRIBERY — TRAFFIC OFFICERS—ACCOMPLICE—CORROBORATION— EVIDENCE.—In this prosecution of a traffic officer for bribery, it is held that the testimony of an accomplice was sufficiently corroborated by the evidence of defendant's admissions and manner of handling a check constituting the basis for the prosecution.

[5] ID.—CORPUS DELICTI—ACCOMPLICE — EVIDENCE. — In such prosecution, the testimony of the accomplice having been sufficiently corroborated, the defendant may not complain that the *corpus delicti* was proven by the testimony of the accomplice.

[6] ID.—ACTS PERFORMED IN OFFICIAL CAPACITY — BRIBERY. — In such prosecution, the acts of defendant in fixing bail for reckless driving and drunkenness and in accepting a check therefor and releasing a prisoner from jail were in his official capacity, and not the performance of unauthorized judicial functions affecting his liability for bribery.

[7] ID.—PUBLIC OFFICERS—AGREEMENT TO FOREGO OFFICIAL ACTION— BRIBERY.—Where an officer of the law becomes directly or indirectly vested with power to take or not to take some official action, he is guilty of bribery if he corruptly offers for a reward to forego official action; and there is no distinction where the official action was corruptly influenced.

---

(1) 16 C. J., p. 701, n. 20, 22, p. 704, n. 35.   (2) 16 C. J., p. 706, n. 49.   (3) 16 C. J., p. 772, n. 30 New.   (4, 5) 16 C. J., p. 712, n. 30, p. 772, n. 30 New.   (6, 7) 9 C. J., p. 404, n. 36, p. 405, n. 38.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. L. D. Jennings, Judge. Affirmed.

The facts are stated in the opinion of the court.

George H. Shreeve and Arthur L. Dorn for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

THOMPSON, J.—This appeal is from a judgment convicting the defendant of the crime of bribery and from an order denying his motion for a new trial.

The facts were as follows: The defendant was a traffic officer of National City, California; on September 17, 1925,

the defendant, together with a fellow-officer, John J. La Porte, arrested one C. C. Young, the chauffeur of Mrs. Arthur Jacobs, on a charge of reckless driving and also on a charge of drunkenness on the streets, in violation of a city ordinance. Waiting some little time after the arrest, according to her testimony, Mrs. Jacobs approached the defendant and asked how she might get her chauffeur out of jail. She was told that the bail was one hundred dollars and that the defendant could not take a check for bail. She then says she asked the defendant to drive her to the Grant Hotel in San Diego, where she might cash a check through the manager of the hotel; that upon arriving at the hotel they found the manager to be out, whereupon she asked the defendant if he would accept a check for fifty dollars in addition to her check for one hundred and was told that he would not, but he did agree to accept a check for one hundred dollars in addition to the check for the amount of the bail and release C. C. Young; that defendant then wrote out a check for one hundred dollars payable to the city recorder of National City and Mrs. Jacobs drew another to cash for one hundred dollars, both of which were signed and delivered to defendant. The defendant gives a different version of the transaction which this appeal does not require us to repeat. The check to the city recorder was delivered to him and subsequently paid; Young was released from jail. On September 25th the defendant cashed the check made out to cash and with the proceeds opened a new account in the First National Bank of San Diego. Mrs. Jacobs, however, stopped payment on this check through the bank upon which it was drawn, the Crocker National Bank of San Francisco.

It is the position of appellant, that inasmuch as Mrs. Jacobs was an accomplice, in the eyes of the law, that the testimony falls short of that required in this: that there was no corroborating testimony of the agreement on the part of the defendant to accept the check for one hundred dollars and in return accept bail in the form of a check and release the chauffeur. He claims that it falls short in two particulars: First, that there is not sufficient corroborative testimony to connect the defendant with the crime; second, that the agreement is an essential element of the offense and is here made to rest entirely upon the testimony of an accom-

plice. He also contends that in fixing the amount of bail, determining that a check was sufficient, and releasing the prisoner, the defendant was performing judicial functions and that, inasmuch as he was a police officer, he could not be bribed to perform an act outside of his own official duties.

With respect to the first objection it is necessary to recite the corroborating testimony. It consisted of testimony by the assistant cashier of the Crocker National Bank to the effect ʼthat the check was presented in due course to the bank and refused payment on account of its payment having been stopped by Mrs. Jacobs, and the identification of a photostatic copy of the check and indorsements, including the signature of the defendant, and also testimony of the assistant cashier of the First National Bank of San Diego to the effect that on September 25th the defendant presented the check to the bank last mentioned, indorsed it, received the money, opened a new account with the proceeds, and told the witness he had received the check for driving Mrs. Jacobs from National City to San Diego while off duty, and asking him if he thought it advisable under those circumstances to use it. This statement, made to and the question propounded to the witness by the defendant, is of greater weight than might otherwise be the case when considered in connection with his own testimony on the stand, in substance that after he had released Young and alighted from Mrs. Jacobs' automobile she reached out of the window saying, "Here is a remembrance for you," which remembrance turned out to be the check in question. Also the check made out to the city recorder was introduced.

From this recital we think it is evident that every essential of Mrs. Jacobs' testimony was corroborated except possibly that portion which relates to the agreement between Mrs. Jacobs and the defendant. And here we are confronted by the statements made by the defendant to the assistant cashier of the First National Bank of San Diego, and the question propounded by him. There was a hesitancy as to whether the check should be used. Further, on cross-examination, the defendant stated that after he had told Mrs. Jacobs that he would accept a check as bail she made offers of "fifty or one hundred," saying "it was worth anything in the world to get her chauffeur out of jail."

[1] The rule of law under section 1111 of the Penal Code is stated very clearly in the case of *People* v. *Kelly,* 69 Cal. App. 558 [231 Pac. 767], where many of the authorities are gathered, to the effect that "It is not necessary that such incriminating evidence be corroborative of each and every fact testified to by the accomplice; but all that is required is that, standing alone it tends to connect the defendant with the commission of the offense. It may be slight (*People* v. *Melvane,* 39 Cal. 616), and of itself entitled to but little consideration (*People* v. *McLean,* 84 Cal. 482 [24 Pac. 32])."

[2] There are plenty of authorities to the effect that a confession or an admission is sufficient corroboration, and in the case of *People* v. *Armstrong,* 114 Cal. 574 [46 Pac. 612] it was held that flight, followed by an expression of astonishment by the fleeing person at being overtaken and by his statement that had he not been surprised he would have resisted arrest, although he attempted to explain his flight by the claim that "before the theft of the horse the defendant was, as he put it, 'taking precautions to avoid running into an officer,' being apprehensive of arrest for some breach of the peace," was sufficient corroboration of the testimony of an accomplice.

[3] It has been held in a number of cases that the *corpus delicti* may be sufficiently proven by the testimony of an accomplice to warrant the introduction of admissions or confessions of the defendant (*People* v. *Richardson,* 161 Cal. 552, 563 [120 Pac. 20]; *People* v. *Leavens,* 12 Cal. App. 178 [106 Pac. 1103]; *People* v. *Barnovich,* 16 Cal. App. 427 [117 Pac. 572]; *People* v. *Tobin,* 39 Cal. App. 76 [179 Pac. 443]; *People* v. *Snyder,* 74 Cal. App. 138 [239 Pac. 705]). [4, 5] We are satisfied that under the rules thus laid down there was not only sufficient corroborative testimony tending to connect the defendant with the offense charged, but also that having been sufficiently corroborated in this respect the appellant may not complain that the *corpus delicti* was proven by the testimony of the accomplice. Furthermore, the hesitancy of the defendant in making use of the check and his dubious tale of its acquirement are certainly as potent in corroboration as was the admission made by the defendant in the Armstrong case.

We have next to consider whether the defendant could be bribed with respect to the acts done by him, to wit: fixing the bail, determining that a check would be sufficient, and releasing the prisoner from jail. Appellant says that he was exercising delegated judicial authority and that the reward was for guaranteeing Mrs. Jacobs' check for bail. There was, in fact, no guaranty and the contention in this particular brings home most forcibly the fact that the influence exerted by the second check did corrupt the action of the defendant and cause him to accept a check which otherwise he would have refused. It was conceded by both counsel at the trial that the custom prevailed in National City by permission of the city recorder for the officer to determine the amount of bail in such cases, in accordance with a schedule adopted by the recorder for that purpose.

[6, 7] It does not seem to be debatable that defendant's acts were in his official capacity. The authority conferred upon him by the recorder was by virtue of his office and not by virtue of a personal confidence reposed in the individual. This last statement is not made with the idea of indicating that it would necessarily make any difference, but only to point out more clearly that appellant was acting in his official capacity. And we think that, being an act in his official capacity, there can be no doubt that the offense was made out. In *Harris* v. *Superior Court,* 51 Cal. App. 15 [196 Pac. 895], a somewhat similar contention was under consideration, and after reviewing and citing from the authorities upon the question the rule is laid that "where an officer of the law becomes *directly or indirectly* vested with power to take or not to take some official action, he is guilty of bribery if he corruptly offers for a reward to forego official action." (Italics ours.) In that case the officer did offer to forego official action." In this action the official action was corruptly influenced. There is no distinction. As was said in *Barefield* v. *State,* 14 Ala. 603, quoted with approval in *People* v. *Markham,* 64 Cal. 157 [30 Pac. 620]; *Harris* v. *Superior Court, supra,* and *People* v. *Lips,* 59 Cal. App. 381 [211 Pac. 22]: "The offense consists, in contemplation of the statute, in poisoning and corrupting the foundation of justice, and although the particular deleterious consequence designed to be effected by the parties has not ensued, the state, nevertheless, has an officer corrupted, and

society has lost all protection of its rights, so far as the administration of the law by him is concerned."

The judgment and order are affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1927.