[Crim. No. 66. Fourth Appellate District.—June 9, 1932.]

THE PEOPLE, Respondent, v. JOE BONILLA, Appellant.

A. Perry Harris for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

SCOVEL, J., *pro tem.*—The information in this case charged the defendant with burglary, alleging that he wil-

fully and unlawfully entered a shop known as Cornwell's Tire Service, on the Corona-Elsinore Road in Riverside County, with intent then and there and therein to commit the crime of larceny. Two other counts set forth in the information were dismissed prior to trial and are not involved in this appeal.

The evidence produced on behalf of the prosecution discloses that Thomas G. Cornwell was the owner of a service station and tire shop near Elsinore in Riverside County. He locked the doors and windows of his place of business about midnight on June 16, 1931. Upon returning the following morning he found a window broken, that the front windows had been unlocked and propped open, and that about $400 worth of tires had been taken.

One Joe Johnson, an admitted accomplice, testified, after the establishing of the foregoing facts, that he had met the defendant in Corona in Riverside County several days prior to the burglary of the service station and that they had talked of "knocking over a job". Present at this conversation, and later an accomplice of Johnson and defendant in the service station burglary, was one Dan Delaney. The defendant agreed to help Delaney and Johnson and that evening the latter two burglarized a dry-goods store in Corona. The defendant was not present, but the stolen goods were taken to his home in five suitcases and were carried by him to Los Angeles in his truck. Of the fruits of this burglary defendant received one suitcase of clothes.

Johnson further testified that approximately two weeks later he and Delaney returned to Corona and in riding around the vicinity they "spotted" the Cornwell service station and after meeting the defendant the three of them decided to burglarize the place that evening. It was agreed that the defendant should have no part in the actual robbing of the station, but that he would haul the loot away in his truck. Accordingly, later that evening, defendant, together with Johnson and Delaney, rode in the truck to a point approximately a mile from the station. Defendant remained with the truck, the other two going to the station and after forcing an entrance by breaking a window, took approximately forty tires and a slot-machine. The tires and slot-machine were piled together near the road and later defendant drove to the spot and loaded them on his truck. All

three then returned to defendant's home in Corona, stored the tires in his garage and broke open the slot-machine, the three dividing the money. The following day the tires were taken to Huntington Beach in Orange County, where they were later identified and recovered.

The witness Johnson further testified as to a conversation had with the defendant subsequent to the service station burglary in which they planned to rob another store in Corona. The defendant refused to use his truck in that robbery because it was known in Corona, but agreed to drive a car owned by Johnson and Delaney for carrying away what might be recovered. Later both Johnson and the defendant were arrested in Orange County. While confined in the Orange County jail a formal statement was made by Johnson to a deputy district attorney and officers from Riverside County and in the presence of the defendant, corresponding in all material details with the foregoing testimony of Johnson given at the trial. While the statement was being taken the defendant was asked at various times whether or not it was true and he stated that it was. The statement was sworn to by both Johnson and the defendant. This statement was introduced in evidence at the trial as an admission or confession on the part of the defendant. The jury found the defendant guilty of burglary in the second degree. Thereafter a motion for new trial was denied and judgment entered. From this verdict, judgment, and order denying his motion for new trial defendant has appealed.

Appellant contends that the evidence is not sufficient to sustain the verdict. It is true that certain testimony was introduced by the defense contradicting certain testimony introduced by the prosecution. Apparently, however, such evidence was disbelieved by the jury, and under the well-established rule that where there is any substantial evidence tending to sustain the verdict, the jury's determination of such conflict is conclusive and cannot be disturbed by us.

Appellant also contends that he could not be convicted of burglary since the uncontradicted evidence shows that he made no entry. The evidence fully establishes, however, that the defendant, as an accessory, aided in the furtherance of the actual commission of the burglary and was therefore liable to prosecution as a principal. (Pen. Code, secs. 31 and 971.)

■ Appellant contends further that the admission or confession of the defendant was improperly admitted before the *corpus delicti* had been established. The point is without merit. The first two witnesses called by the prosecution established the fact that the service station had been broken into and merchandise stolen therefrom. The *corpus delicti* embraces, first, certain facts forming the basis of the offense, and, second, the existence of a criminal agency as the cause of them. In establishing the *corpus delicti* it is not necessary to prove that the crime was committed by the defendant or person charged therewith. In addition thereto, however, the testimony of the witness Johnson is amply sufficient to connect the defendant with the actual commission of the crime. The testimony of an accomplice is sufficient to prove the *corpus delicti* (*People* v. *Frazer,* 80 Cal. App. 464 [252 Pac. 633]), and while one charged with crime cannot be convicted upon the uncorroborated testimony of an accomplice, the testimony of an accomplice is sufficient to warrant conviction where corroborated by the admission or confession of the defendant. (*People* v. *Frazer, supra; People* v. *Armstrong,* 114 Cal. 570 [46 Pac. 611].)

■ Appellant makes the further contention that the court erred in admitting evidence relating to or tending to prove that the defendant participated in the commission of crimes other than the one charged. Upon the trial the defendant admitted driving the truck to the scene of the service station burglary and returning to his home with the stolen tires. He claimed, however, that he had been hired by Johnson to haul the tires for him and that he did not know that the service station had been entered or that the tires were stolen until the following day. In order to rebut the showing of lack of intent the district attorney was permitted to introduce evidence as to the burglary of the drygoods store in Corona and the conversation as to the subsequent contemplated burglary in Corona heretofore referred to. We are of the opinion that the evidence was properly admitted. Evidence of other crimes is admissible if it tends to establish intent or guilty knowledge particularly where the defendant claims to have had no guilty intent or knowledge as to the commission of the crime. (*People* v. *Hendrix,* 192 Cal. 441 [221 Pac. 349]; *People* v. *McGill,* 82 Cal. App. 98 [255 Pac. 261].)

Appellant also suggests error by reason of the failure of the court to grant a continuance at the time the case was called for trial and its dismissal of his motion to quash the information. These matters are supported by neither argument nor citation of authorities. We have considered the record relative thereto, however, and can find no error in the rulings of the court.

There being ample evidence to support the verdict and judgment and no substantial error appearing in the record, the verdict, judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.