[Crim. No. 2630. Second Appellate District, Division Two.—January 15, 1935.]

THE PEOPLE, Respondent, v. L. MONTE WEST, Appellant.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Appellant was convicted of a violation of section 424, subdivision 4, of the Penal Code, and was found to have suffered two prior felony convictions. A codefendant, Woodruff, deputy county treasurer, had loaned county funds to West, taking the latter's check therefor. The amount of the loan gradually increased until it totaled $815. For this loan Woodruff held West's check on a bank where the latter had closed his account, a new check being substituted from time to time, being kept in a drawer in the treasurer's office as a cash item. Woodruff disclosed the facts and pleaded guilty. West was tried by the court and from judgment of conviction and order denying motion for new trial he appeals.

It is urged that the *corpus delicti* was not established. It was not questioned that Woodruff was a public officer and that he had fraudulently altered, falsified and concealed the account of money in his charge. This constituted the *corpus delicti* under the section cited. (*People* v. *Bonilla,* 124 Cal. App. 212 [12 Pac. (2d) 64].)

It appears, contrary to appellant's second contention, that West was a principal under Penal Code sections

31 and 971. He knew his worthless check to the county treasurer was being held as a cash item, and substituted a new check from time to time to enable the fraud to continue. (*People* v. *Ah Gee*, 37 Cal. App. 1 [174 Pac. 371].)

■ Appellant testified before the grand jury and his testimony was read in evidence at the trial. It was voluntarily given after he was advised of his rights by the grand jury, and was properly admitted at the trial to show statements made by him concerning the case. (*People* v. *O'Bryan*, 165 Cal. 55 [130 Pac. 1042].) ■ A statement by appellant to the deputy district attorney was likewise properly admitted, a sufficient foundation having been laid and there being no suggestion that it was not voluntary.

■ The final argument, that the evidence is not sufficient to support the judgment of conviction, is without merit. From appellant's own lips fell evidence which removed any question of his guilt, and amply corroborated the testimony of his codefendant.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.