[Civ. No. 17689. Second Dist., Div. Two. July 12, 1950.]

JOHN G. OPPENHEIMER, Appellant, v. CLIFTON'S BROOKDALE, INC., Respondent.

John G. Oppenheimer, in pro. per., for Appellant.

Harry A. Keithly for Respondent.

McCOMB, J.—From a judgment predicated upon the sustaining of a demurrer to plaintiff's complaint without leave to amend in an action for declaratory relief, plaintiff appeals.

*Facts:* The substance of plaintiff's complaint is that "(a) Said defendants . . . have bribed the Los Angeles City Police Force with meals at half the regular price charged to other Citizens, which practice of buying Justice from Police Officers, beclouds sound judgment of such officers, so that in a controversy at Clifton's Brookdale, Inc., between plaintiff and an employee of said defendants, . . . bribed officers instantly took sides with the defendants, and conferred favors upon them . . . by setting themselves up as Judge and Jury and administering physical punishment without provocation against plaintiff. Such practices of bribery . . . has an ad-

verse, if not demoralizing effect on the high standards . . . Members of a Police Force should possess . . . Action of defendants makes officers of the Law stooges of a corporation . . . and plaintiff therefore prays the Court to declare defendants' hidden, but nonaltruistic motives of seeking favors and attempting to, and succeeding in, buying Justice, to be against Public Policy . . . Police also congregate and loiter at defendants' business establishments, and forsake their duties and responsibilities, by parking Police Department motor vehicles for hours on end in the streets and alleys adjacent to defendants' Cafeteria.

''(b) Defendants operate a Private Food Service Training School, unlicensed in or by the State of California, the instructors of which are not duly accredited or licensed as teachers, to practice teaching in the State of California. A tuition of three hundred dollars ($300.00) for a 13-week course is charged by said defendants . . . Plaintiff holds that this practice by defendants is toying with the fates of people seeking employment . . .''

Defendant filed a general and special demurrer to the complaint which was sustained without leave to amend.

■ *Question: Did the complaint state a cause of action?* This question must be answered in the negative. Section 67½ of the Penal Code reads as follows: ''Every person who gives or offers as a bribe to any ministerial officer, employee, or appointee of the State of California, county or city therein or political subdivision thereof, anything the theft of which would be petty theft is guilty of a misdemeanor; if the theft of the thing so given or offered would be grand theft the offense is a felony.''

Bribery or attempted bribery or any attempt corruptly to influence official action of police officers constitutes the criminal offense of bribery. (*People* v. *Frazer,* 80 Cal.App. 464, 469 [252 P. 633].) Hence the offense attempted to be alleged by plaintiff was a public offense and not a private offense and as such could only be prosecuted in the name of the People of the State of California. (Pen. Code, § 684*; *Matter of Application of Clark,* 24 Cal.App. 389, 395 [141 P. 831]; *In re Nicholls,* 74 Cal.App. 504, 506 [241 P. 399].)

---

*Section 684 of the Penal Code reads: *"Parties to a criminal action. A criminal action is prosecuted in the name of the people of the state of California, as a party, against the person charged with the offense."

Therefore since the present action was not instituted in the name of the People of the State of California but by a private citizen the complaint on its face showed that plaintiff did not have the capacity to maintain the action, and that he could not state a cause of action against defendants. Consequently the trial court properly sustained the demurrer to the complaint.

Affirmed.

Moore, P. J., concurred.

WILSON, J.—I concur in the judgment and in the conclusion that the complaint does not state a cause of action. I do not find anything in the complaint from which it can be inferred that plaintiff is attempting to usurp the functions of the law enforcement officers or to act in the name or on behalf of the People of the State of California in the prosecution of a criminal offense. Plaintiff's sole purpose, as indicated by the allegations in his pleading, is to obtain (1) a declaratory judgment that defendant is without legal right to continue the performance of the acts alleged in the complaint to have been committed, and (2) an injunctive order requiring defendant to cease and desist from the continuance of such practices.

A petition for a rehearing was denied July 21, 1950.