[S. F. No. 6459. In Bank—November 28, 1913.]

## H. H. BANCROFT et al., Respondents, v. GOLDBERG, BOWEN & COMPANY (a Corporation), Appellant.

LANDLORD AND TENANT—TERMINATION OF LEASE BY DESTRUCTION OF BUILDING AS REQUIRED BY ORDINANCE.—Where a lease contains a provision that if any building on the premises should "be torn down in pursuance of a municipal order, or a law or ordinance, at any time after two years from date, this lease shall immediately terminate," a termination of the lease is worked when the lessee, in compliance with a municipal ordinance adopted more than two years after the execution of the lease and requiring the demolition of all buildings of the character described in the lease, tears down the building on the premises, although he might have deferred the destruction of the building for a few months without subjecting himself to the penalties prescribed by the ordinance.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Goodfellow, Eells & Orrick, for Appellant.

Philip Bancroft, and H. W. Ballantine, for Respondents.

THE COURT.—The following statement of facts, which is sustained by the record, is taken from the opinion of the district court of appeal for the first district in this case, filed December 27, 1912:

This is an appeal from a judgment against defendant taken more than sixty days after the entry of judgment, which was for the principal sum of seven hundred and fifty dollars, and interest in the sum of $50.30 and costs.

Plaintiffs on the thirtieth day of June, 1906, by a written instrument of said date, leased to defendant, a corporation, certain premises, at a monthly rental of seven hundred and fifty dollars per month, until the thirtieth day of June, 1911.

The lease contained the following provision: "It is furthermore understood that, as the said party of the second part has erected a building upon said premises at its own expense, the said building will, at the termination of this lease be and remain the property of the party of the second part. Moreover, it is expressly stipulated, that should that part of said building situated on the premises described on page one (1) of this lease, as distinguished from that part of the building situated on the land described on page two (2), be destroyed by fire or be torn down in pursuance of a municipal order, or a law or ordinance, at any time after two years from date, this lease shall immediately terminate, and the party of the second part shall be relieved of all its rights and liabilities thereunder.''

The premises were and are within the fire limits of the city and county of San Francisco as established by an ordinance duly adopted by the board of supervisors of said city and county of San Francisco at some time prior to the erection of the building thereon. This building was a wooden structure and was erected by defendant on said premises between the eighteenth day of April and the thirtieth day of June, 1906.

The building was also erected in violation of the provisions of a general building ordinance of the city and county of San Francisco, adopted on February 5, 1903. This ordinance, as well as the ordinance fixing the fire limits, prescribes a penalty for any violation thereof.

In January, 1909, an ordinance, No. 333, was adopted by the said board of supervisors requiring all buildings erected prior thereto and subsequent to April 18, 1906, in violation

of and contrary to the laws and ordinances of the city and county, to be demolished or removed on or before May 1, 1910.

In April, 1909, the board of public works by order directed its inspector to serve notices for the removal of buildings as required by Ordinance No. 333, which was done, and defendant was accordingly, on the twentieth day of September, 1909, served with notice to demolish or remove its said building on or before May 1, 1910.

In the month of November, 1909, defendant tore down the said building, and on the thirtieth day of November, 1909, abandoned the premises, and has paid no rent therefor since. The action was for the rent for December, 1909, and for which recovery was had as prayed for.

It should be added that Ordinance 333 required the board of public works to serve notice upon all owners and lessees of property affected by the provisions of the ordinance, and required said board to enforce the provisions of the ordinance and to demolish or remove any building or structure affected by the ordinance upon the failure of the owner or his agent to comply with its terms, at the cost of the owner, and made it a misdemeanor for any person, etc., to fail to comply with the provisions of the ordinance. The ordinance was made to take effect immediately.

It is claimed by defendant that the lease was terminated according to its terms upon the destruction of the building in November, 1909.

We are of the opinion that this claim must be held to be well based. The building was torn down more than two years after the date of the lease, and, under the terms of the lease, the only question in this connection is whether it was torn down "in pursuance of a municipal order, or a law or ordinance," within the meaning of those words as used in the lease. The building was torn down by its owner, the lessee, in compliance with the provisions of an ordinance adopted more than two years after the execution of the lease, requiring all buildings erected subsequent to April 18, 1906, in violation of the existing laws of the city and county, to be demolished or removed on or before a certain date. This ordinance made it the duty of the owner of any building so erected to demolish or remove the same, and such owner was required

to remove the same "on or before" a prescribed date, and was made subject to a penalty of fine and imprisonment in the event of his failure to so demolish or remove it. The ordinance was a declaration of the policy of the board of supervisors that all temporary wooden buildings erected in violation of law within the fire limits after the great conflagration of April 18, 1906, to answer the immediate necessities of the people of the city, should be demolished or removed as speedily as was practicable, the date of May 1, 1910, being fixed as the limit within which such tearing down or removal must in any event be completed by the owner. It was a declaration to the effect that all such buildings so erected in violation of law were a menace to the safety of the city, no longer finding any possible warrant in the necessities of the people, and that they constituted public nuisances which should be abated as soon as was reasonably possible, in any event by May 1, 1910. Being officially notified of the action of the board of supervisors in this behalf and served with notice to comply with the terms of the ordinance, the defendant demolished the building, as it was required to do. We do not see how it can be held otherwise than that this action on its part was "in pursuance of a municipal order, or a law or ordinance." That such action might have been deferred for a few months without subjecting defendant to the penalties prescribed by the ordinance of January, 1909, does not make it any the less action "in pursuance of" such ordinance. As suggested in appellant's brief, the tearing down of the building at any time after the adoption of the ordinance of January, 1909, "would be in compliance with both the letter and the spirit of the ordinance and in furtherance of public and private duty." Taking the language of the lease literally, there would appear to be no question that the tearing down of the building was in pursuance of the ordinance of January, 1909, and that it terminated the lease. Under the circumstances there is nothing unreasonable in this construction, and to give the language a different construction would require the interpolation in the lease of words not written in the lease. The case of *Levin* v. *Pabst Brewing Co.*, 165 Cal. 168, [131 Pac. 118], is somewhat in point and supports our conclusion herein.

In view of our conclusion upon the point discussed, it is unnecessary to notice the other contention in support of the claim that a reversal should be had.

Upon the findings judgment should have gone for defendant.

The judgment is reversed and the trial court is directed to enter judgment in favor of defendant upon the findings already made.

Rehearing denied.

Beatty, C. J., does not participate in the foregoing.