MAGUIRE ET AL. *v.* REARDON ET AL., AS COM-
MISSIONERS, CONSTITUTING THE BOARD OF
PUBLIC WORKS OF THE CITY AND COUNTY
OF SAN FRANCISCO, ET AL.

ERROR TO THE DISTRICT COURT OF APPEAL OF THE STATE OF
CALIFORNIA IN AND FOR THE FIRST APPELLATE DISTRICT,
DIVISION ONE.

No. 202. Argued January 28, 1921.—Decided February 28, 1921.

The Fourteenth Amendment does not prevent a city from demolishing
and removing wooden buildings, built within defined fire limits in
face of prohibitory regulations in force at the time. P. 273.

41 Cal. App. 596, affirmed.

THIS was a writ of error to review a judgment of the
District Court of Appeal, California, affirming a judg-
ment of the Superior Court of the City and County of San
Francisco refusing injunctive relief sought by the present
plaintiffs in error. The Supreme Court of California had
denied an application for further review. The case is
stated in the opinion.

*Mr. J. F. Riley*, for plaintiffs in error, submitted:

In his brief he contended that, at the time of the erection
of the building in question, there was no restriction on the
material that might be used, either under the city charter or
under the ordinances on the subject then in force; that, if
any such ordinance provided otherwise, it and a subsequent
prohibitory ordinance were unconstitutional in that they
unreasonably discriminated against structures of wood as
compared with those made of other inflammable material,
such as canvas, paper and "beaver board," and in that
they did not forbid the city itself to erect wooden buildings.

The city retained and continued its use of such buildings within the very area in question.

Also, the later ordinance under which destruction of the building was threatened, deprived the owners of their vested rights without due process of law.

The building was substantial, costing $12,000, erected without protest, and an oven, constituting a part of it and costing $700, had been installed with the consent of and under the written permit and supervision of defendants.

Also, from the city's permit to erect was to be implied a contract guarantee of the right to enjoy and maintain, which was now sought to be impaired.

The ordinance was retroactive and unreasonable. The defendants were without legal power, and were estopped.

*Mr. Maurice T. Dooling, Jr.,* with whom *Mr. George Lull* was on the brief, for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Defendants in error, officers and agents of the City and County of San Francisco, purporting to act under an ordinance approved May 8, 1917, gave notice of their intention to demolish and remove a wooden building on Van Ness Avenue, the property of plaintiffs in error. Thereupon the latter instituted this proceeding for an injunction upon the ground, among others, that as the building was lawfully erected the ordinance violated the Federal Constitution.

The court below, following *Bancroft v. Goldberg, Bowen & Co.,* 166 California, 416, held that the building was erected in 1906 within the fire limits theretofore prescribed in violation of valid local regulations duly enacted under the charter, and consequently there could be no reasonable doubt of the municipality's power to direct its removal.

The meaning and effect of the charter and ordinances . thereunder are questions of local law determination of which by the state courts we commonly accept as conclusive. It is admitted that the building was constructed within defined fire limits, and the Supreme Court of the State has said this was contrary to valid regulations then in force. The challenged ordinance must therefore be treated as affecting an unlawful structure, and as so applied we can find no plausible ground for holding it in conflict with the Federal Constitution.

The judgment below is

*Affirmed.*