[Civ. No. 4334. Fourth Dist. Feb. 19, 1952.]

DONALD E. BAIRD, as City Building Inspector, etc., Respondent, v. RICHARD BRADLEY, Appellant.

Richard Bradley, in pro. per., for Appellant.

Waldo E. Burford, City Attorney (Porterville) for Respondent.

BARNARD, P. J.—The defendant owned and occupied a frame residence located within Fire Zone I of the city of Porterville. This building, which was some 50 years old, was damaged by fire on March 20, 1949.

This action was brought to enforce the provisions of a city ordinance prohibiting the erection of frame buildings in this zone, and requiring that alterations or repairs to a building so situated, which exceeded 50 per cent of the value of the existing building, should be made to conform to all of the requirements for new buildings as provided in the city building code adopted by ordinance, and as provided in the State Housing Act. The complaint alleged, among other things, that this building had been damaged by fire in excess of 60 per cent of its physical proportion within the meaning of the State Housing Act, and that the cost of any necessary repairs would exceed 50 per cent of the value of the building; that by reason of the fire the building had become unfit for human habitation; that by reason of its partial destruction the building had become a nuisance within the terms of the State Housing Act, the general law, and the city ordinance; and that the defendant, unless prohibited therefrom, intended to repair and alter this building in such a manner as not to comply with the State Housing Act and the city ordinances referred to in the complaint. The prayer was for a judgment declaring that the building, by reason of the fire, has become unfit for human habitation, is a nuisance and is dangerous to human life and detrimental to health; that the defendant be enjoined from repairing said residence except in compliance with the provisions of the State Housing Act and certain ordinances of the city of Porterville; that the defendant be required to demolish or remove the building and abate the nuisance; and that in the event he fails to do so the plaintiff be authorized to do this at defendant's expense. The answer admitted, by failing to deny, all of the allegations of the complaint except with respect to the damage done by the fire, it being alleged in this connection that the building "was not burned or damaged to exceed 10 to 15 per cent of its cost or extent."

The court found that all of the allegations of the complaint are true, and further found that the defendant had been

given the written notices required by the provisions of the State Housing Act and the city ordinances, and that the defendant has failed and refused to remove the remaining portion of the building and abate the nuisance. Judgment was accordingly entered enjoining the defendant from repairing or remodeling the building; determining and adjudging the building to be a nuisance; ordering the defendant to commence the demolition and removal of the building within 30 days, and to have it entirely removed within 90 days; and further ordering the removal of the building by the plaintiff building inspector in the event this should not be done by the defendant. This appeal is from that judgment.

It is first contended that the judgment is erroneous in law as it applies the provisions of the State Housing Act to the structure in question, whereas this structure is not a "building or dwelling" as defined in that act. It is argued that section 15006 of the Health and Safety Code defines a building as "an apartment house, hotel, or dwelling"; that it clearly appears that this is not an apartment house or hotel; that section 15014 of this code defines a "dwelling" as any structure other than an apartment house or hotel containing one or more "guest rooms"; that section 15019 defines a guest room as one designed for occupation by one or more guests; that it was necessary for the respondent to show that this structure contained a room or rooms occupied by one or more guests; and that while it clearly appears that this structure was designed for use, in part, for sleeping purposes there is no evidence that at any time material to this action any room therein was occupied by any guest. This structure contained two bedrooms and was admittedly used by the defendant for residence purposes. While the provisions of the Health and Safety Code define a dwelling, among other things, as any structure containing one or more guest rooms, and define a guest room as meaning a room designed for occupation by one or more guests they also, in section 15018, define a guest as meaning any person who occupies a room for sleeping purposes. The appellant was a guest, and this structure was a dwelling, within the meaning of these code provisions.

██ It is next contended that the provisions of the State Housing Act are unconstitutional as applied to the facts in this case, that the evidence here was insufficient to show the existence of a nuisance as defined in the State Housing Act, and that the provisions of the Health and Safety Code and

the city ordinances preventing the repair of this building are unconstitutional since they are unreasonable and since they clearly constitute the taking of property without due process of law. It is argued that while these regulatory provisions may be reasonable and constitutional as applied to a large city like San Francisco, they may not reasonably be applied to a small town like Porterville. Regulatory provisions of this nature have been frequently upheld as being within recognized police powers and as being constitutional. (*Ex parte Fiske*, 72 Cal. 125 [13 P. 310] ; *McCloskey* v. *Kreling*, 76 Cal. 511 [18 P. 433] ; *Miller* v. *Board of Public Works*, 195 Cal. 477 [234 P. 381, 38 A.L.R. 1479] ; *Carter* v. *Stevens*, 211 Cal. 281 [295 P. 28] ; *Skinner* v. *Coy*, 13 Cal.2d 407 [90 P.2d 296] ; *Maguire* v. *Reardon*, 41 Cal.App. 596 [183 P. 303].) While a necessity for such regulations may be more apparent in larger cities it may also exist in smaller cities, and there is nothing in the evidence to indicate that the provisions here in question are unreasonable or unconstitutional as applied to the city of Porterville.

█ It is next contended that the evidence is insufficient to support the judgment in that there was no satisfactory showing that this building had been damaged by the fire to an extent in excess of 60 per cent of its physical proportions and in excess of 50 per cent of its existing value. While the appellant testified to the contrary, the findings to this effect are fully supported by the testimony of the city's consulting engineer, the respondent building inspector, the district supervisor for the State District of Housing, the fire chief, and a general building contractor with 14 years of building experience. Appellant's contention that the testimony of these witnesses is unsatisfactory because they testified in terms of percentages as to amounts of damage and as to values and costs, and failed to testify as to the exact number of square feet of the damaged portions as compared with the number of square feet of the undamaged portions, is without merit. In addition, a number of photographs were introduced in evidence which clearly show extensive fire damage to large portions of the building, including very considerable damage to supporting timbers or lumber. These photographs are sufficient in themselves to sustain these findings.

It is further contended that there is no evidence showing that the respondent had the necessary authority to enforce the provisions of the State Housing Act, and no proper evidence of the mailing of notices as required by the Health

and Safety Code. Not only were these matters admitted by the pleadings but they are sufficiently disclosed by the evidence.

We find nothing in the record which would justify a reversal, and the judgment is affirmed.

Griffin, J., and Mussell, J., concurred.