[Civ. No. 19325. Second Dist., Div. Three. Mar. 20, 1953.]

BARRY SULLIVAN, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Gordon Leslie Cooper for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones and Alan G. Campbell, Assistant City Attorneys, for Respondents.

VALLÉE, J.—Plaintiff sued the city of Los Angeles for a declaration of his rights under the building and plumbing codes of the city, and for an injunction restraining the city from enforcing them against him. The city cross-complained for an injunction requiring plaintiff to comply with the codes. The judgment was for the city on the cross-complaint. Plaintiff appeals from the judgment and from an order denying his motion for a new trial. Since the latter order is nonappealable, the appeal therefrom will be dismissed.

Plaintiff owns a parcel of realty in fire district No. 2 in Los Angeles, which is improved with a two-story brick building. Without first obtaining a permit from the Department of Building and Safety, he constructed about a 25-foot square carport in the rear yard. It consisted of a framework of pipes and scantlings covered with a flammable tarpaulin. With the intention of constructing a rest room as an addition to his building, plaintiff roughed in the waste lines in the rear yard for two toilets. After completing this preliminary step, the project was either abandoned or postponed. No toilets were installed nor was the site enclosed or protected by a roof. Plaintiff stuffed plaster of Paris into the sewer openings.

The building code of the city required a construction permit for every structure, and required the roof covering of every building or structure in fire district No. 2 to be fire retardant, the exterior walls to be constructed entirely of incombustible materials or at least one-hour fire-resistive construction. The plumbing code required that toilet bends, unconnected to a fixture, should be securely capped with a standard cast iron or other metallic noncorrosive plug, and that the plug should be securely leaded and caulked in place under the supervision of a plumbing inspector.

The court found that the carport did not conform to the requirements of the building code, and that the maintenance of the toilet bends was in violation of the plumbing code. The judgment directed plaintiff to remove all canvas and tarpaulin material from the carport, and enjoined him from maintaining

it without first securing a permit from the city for the construction of the structure and without constructing it in accordance with the building code, and ordered him either to remove the toilet bends, and plug, cover, and conceal the sewer connections in accordance with the plumbing code, or under the supervision of a city plumbing inspector to securely lead and caulk the openings as provided by the code, or to install flush toilets as provided by the code.

Plaintiff contends the applicable ordinances are not within the police power; that they deprive him of his property without due process of law in that they restrain his free use of the property, and that they deny him the equal protection of the laws.

Plaintiff's property is located in a fire district as fixed by an ordinance of the city. ██ ██ It is elementary that reasonable regulations governing the construction of wooden buildings within fire limits and governing methods and devices for the conveyance of sewage from private dwellings in municipalities, are within the police power. (*Maguire* v. *Reardon,* 41 Cal.App. 596 [183 P. 303], affd. 255 U.S. 271 [41 S.Ct. 255, 65 L.Ed. 625] ; *In re Nicholls,* 74 Cal.App. 504 [241 P. 399].)

██ "[E]xcept where the court can see, in the light of facts properly brought to its knowledge, that a given police regulation has no just relation to the object which it purports to carry out, and no reasonable tendency to preserve or protect the public safety, health, comfort, or morals, the decision of the legislative body as to the necessity or reasonableness of the regulation in question is conclusive." (*Odd Fellows' Cemetery Assn.* v. *San Francisco,* 140 Cal. 226, 233 [73 P. 987].)

██ A local legislative body may, in the exercise of its police power, make and enforce ordinances to regulate or prohibit a thing or act which is of such a nature that it may become a nuisance or may be injurious to the public health if not suppressed or regulated. ██ The exercise of the police power is not limited to the regulation of such things as have already become nuisances or have been declared to be such by the judgment of a court. (*Odd Fellows' Cemetery Assn.* v. *San Francisco, supra.*) ██ In the exercise of the police power a municipality may regulate the manner of the construction and occupation of buildings to the end of safeguarding the health of their occupants, and lessening the fire hazard. (*Matter of Stoltenberg,* 165 Cal. 789 [134 P. 971].) In *Ex parte Fiske,* 72 Cal. 125, 127 [13 P. 310], the court declared "[I]t

has become the settled law that a state,— and under our system a municipality of the state,— in order to protect the property of all its citizens from the ravages of fire, may establish fire limits, and regulate or prevent the use of wooden buildings within such limits; and that, although this may disturb the enjoyment of the rights of an individual, he is, in contemplation of law, compensated by sharing the general benefits derived from it.''

''Regulation by ordinance of methods and devices for the conveyance of sewage from private dwellings in municipalities is recognized as an exercise of that branch of the police power which pertains to the public health; and the word 'plumbing' is held to include the pipes, fittings and fixtures for the conveyance of such sewage.'' (*In re Nicholls,* 74 Cal.App. 504, 507 [241 P. 399].) ▇ When the work or alteration proposed is in accordance with sanitary regulations, an inspection thereof by officers duly authorized is a proper preliminary requirement and may be conducted, at the proper time, to the end that the public health be preserved and protected (*In re Nicholls, supra,* 508.) ▇ Legislation with respect to the preservation and protection of the public health will not be set aside unless the legislative discretion is obviously wrong. (*Natural Milk Prod. Assn.* v. *City etc. of San Francisco,* 20 Cal. 2d 101 [124 P.2d 25].) No such showing is made here.

▇ Plaintiff's principal complaint appears to be that while the city ordinances forbid him to construct or maintain a canvas carport they permit his neighbor to continue to maintain an old wooden building as to which there was no evidence that it was not erected in conformity with ordinances then existing. The Legislature may guard against the creation or extension of threatened evils without undertaking to wipe out every similar existing evil where a more sweeping enactment would work undue hardship. In *Matter of Stoltenberg,* 165 Cal. 789 [134 P. 971], the state Tenement Housing Act of 1911 had detailed provisions regulating the mode of construction and occupation of all tenement houses. There the petitioner contended that the act was invalid because different requirements were set up for houses built before the act and those constructed subsequently. The court said that (p. 794) ''there is a substantial, inherent, logical difference between tenement houses already constructed and those to be built, and that this difference was one that the legislature might fairly make the basis of the different treatment that it has accorded to the two classes.'' (See, also, *McCloskey* v.

*Kreling,* 76 Cal. 511 [18 P. 433].) A discrimination between buildings erected and those to be built has been recognized as proper in the enactment of laws prohibiting the future construction of wooden buildings within certain boundaries. (*Maguire* v. *Reardon,* 41 Cal.App. 596 [183 P. 303], affd. 255 U.S. 271 [41 S.Ct. 255, 65 L.Ed. 625]; *Bancroft* v.. *Goldberg, Bowen & Co.,* 166 Cal. 416 [137 P. 18].)

A small entryway had been attached to the rear wall of plaintiff's building. The pleadings made an issue of whether it had been constructed in violation of the city building ordinances. No evidence was received from which the court could determine the exact date it was built or what the requirements of the building ordinances were at that time. Consequently, the court did not undertake to settle any issue about this addition and granted no relief to either side. Since the court did not make any declaration relative to the entryway, the matter is moot.

The ordinances attacked are directed to the preservation of the public safety and health, and are well within the scope of the police power.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.