156 N.J. Super. 14 (1976)
383 A.2d 429
WILLIAM L. BUNTING, JR., APPELLANT,
v.
PATRICIA Q. SHEEHAN, COMMISSIONER OF COMMUNITY AFFAIRS, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 16, 1975.
Decided March 3, 1976.
*15 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. William L. Bunting, Jr., appellant, pro se.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Warren E. Smith, Deputy Attorney General, on the brief).
PER CURIAM.
This appeal is by the owner of premises known as 16-18 Vanderventer Avenue in Princeton from a decision and order of the State Commissioner of Community Affairs. The Commissioner found, after a hearing, that the premises 16-18 Vanderventer Avenue constitute a "multiple dwelling" within the meaning of N.J.S.A. 55:13A-3(k) and as such are subject to the regulations which the Commissioner had adopted relating to the construction and maintenance of multiple dwellings, N.J.A.C. 5:10-1.1 et seq.
Further, the Commissioner found that there then remained, still unabated, the following violations of the applicable regulations: (1) lack of an alternate means of egress and (2) lack of a one-hour fire-resistant ceiling. Appellant was ordered to correct the first violation within six months and the second within four months.
Appellant does not dispute the existence of the violations if, in fact, his property is a "multiple dwelling." He argues, however, that 16 and 18 Vanderventer Avenue are "separate dwellings under one roof [and] do not become subject to the *16 Hotel and Multiple Dwelling law simply by circumstances of common ownership."
However, we are satisfied from our review of the record that it supports the Commissioner's findings that 16-18 Vanderventer Avenue constitutes a single building or structure and as such is a "multiple dwelling" as defined in N.J.S.A. 55:13A-3, a section of the "Hotel and Multiple Dwelling Law," N.J.S.A. 55:13A-1 et seq., viz.:
(k) The term "multiple dwelling" shall mean any building or structure of one or more stories, and any land appurtenant thereto, and any portion thereof, in which three or more units of dwelling space are occupied, or are intended to be occupied by three or more persons who live independently of each other, provided that this definition shall not be construed to include any building or structure defined as a hotel in this act, or, registered as a hotel with the Commissioner of Community Affairs as hereinafter provided, or occupied or intended to be occupied exclusively as such.
While the statute itself does not define "building or structure," its provisions and its legislative purpose support the validity of the definition set forth in the Department's regulation, N.J.A.C. 5:10-2.2:
"Building" means a structure built, erected and framed of component structural parts designed for the housing, shelter, enclosure and support of individuals, animals or property of any kind which is enclosed within exterior walls on all sides.
See also, Baker v. Minken, 118 N.J.L. 369 (Sup. Ct. 1937), aff'd 119 N.J.L. 431 (E. & A. 1938).
It is undisputed that in fact the building on 16-18 Vanderventer Avenue is a single structure enclosed within four exterior walls and with a single unpierced roof thereon. It is of no moment that an interior fire wall, extending from the cellar to a point one foot below the roof line, separates the building into two halves with separate heating units and that for a number of years prior to the purchase of each *17 half by appellant, they had been in separate ownership and had been separately taxed.[1]
The building is three stories high. In the half designated as No. 16 there is office space on the first floor and an apartment on each of the second and third floors. In No. 18 there is an apartment on the first floor, three bedrooms but no kitchen or bathroom on the second floor, and two bedrooms and a bathroom but no kitchen on the third floor. The bedrooms are rented to graduate students who share the bathroom on the second floor as well as two closets and storage rooms. In those circumstances the building, 16-18 Vanderventer Avenue, was properly deemed to contain eight dwelling units and thus to constitute a multiple dwelling within the definition set forth in N.J.S.A. 55:13A-3(k) quoted above.
It makes no difference that none of the five bedrooms have any kitchen or cooking facilities. Under the Multiple Dwelling Law, unlike the former Tenement House Law (N.J.S.A. 55:1-24) which it superseded, whether or not there are cooking facilities in a unit of dwelling space is immaterial. The present law, N.J.S.A. 55:13A-3(h), provides that:
The term "unit of dwelling space" or the term "dwelling unit" shall mean any room or rooms, or suite or apartment thereof, whether furnished or unfurnished, which is occupied, or intended, arranged or designed to be occupied, for sleeping or dwelling purposes by one or more persons, including but not limited to the owner thereof, or any of his servants, agents or employees, and shall *18 include all privileges, services, furnishings, furniture, equipment, facilities and improvements connected with the use or occupancy thereof.
The Commissioner's decision and order is affirmed.
NOTES
[1] The record does not disclose, nor have the parties been able to inform us, whether the building was constructed originally as it now exists. A fair inference to be drawn from the record and the picture of the building which has been submitted to us is that the entire building was constructed at one time.