149 N.J. Super. 113 (1977)
373 A.2d 418
BLAIR ACADEMY, PEDDIE SCHOOL, LAWRENCEVILLE SCHOOL, APPELLANTS,
v.
PATRICIA Q. SHEEHAN, COMMISSIONER, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1977.
Decided April 7, 1977.
*114 Before Judges LYNCH, MILMED and ANTELL.
Mr. Theodore S. Meth argued the cause for appellants (Messrs. Meth, Wood & Broege, attorneys; Ms. Naomi F. Eber on the brief).
Mr. Paul N. Watter, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Watter on the brief).
PER CURIAM.
This is an appeal from a final decision and order of the Department of Community Affairs (Department) ordering appellants: (1) to permit the Department to *115 inspect their dormitories as "hotels" under the Hotel and Multiple Dwelling Law, N.J.S.A. 55:13A-1 et seq.; and (2) to register their buildings with the Department.
Appellants sought an administrative determination as to whether, under the named statute, the Department had jurisdiction over their private school dormitories. As used in the Hotel and Multiple Dwelling Law, the terms "hotel" and "unit of dwelling space" and "multiple dwelling," are defined as follows:
The term "hotel" shall mean any building, including but not limited to any related structure, accessory building, and land appurtenant thereto, and any part thereof, which contains 10 or more units of dwelling space or has sleeping facilities for 25 or more persons and is kept, used, maintained, advertised as, or held out to be, a place where sleeping or dwelling accommodations are available to transient or permanent guests.
This definition shall also mean and include any motor hotel, motel, or established guesthouse which is commonly regarded as a motor hotel, motel, or established guesthouse, as the case may be, in the community in which it is located; provided, that this definition shall not be construed to include any building or structure defined as a multiple dwelling in this act, registered as a multiple dwelling with the Commissioner of Community Affairs as hereinafter provided, and occupied or intended to be occupied as such. [N.J.S.A. 55:13A-3(j)]
and
The term "unit of dwelling space" or the term "dwelling unit" shall mean any room or rooms, or suite or apartment thereof, whether furnished or unfurnished, which is occupied, or intended, arranged or designed to be occupied, for sleeping or dwelling purposes by one or more persons, including but not limited to the owner thereof, or any of his servants, agents or employees, and shall include all privileges, services, furnishings, furniture, equipment, facilities and improvements connected with the use or occupancy thereof. [N.J.S.A. 55:13A-3(h)]
and
The term "multiple dwelling" shall mean any building or structure of one or more stories and any land appurtenant thereto, and any *116 portion thereof, in which three or more units of dwelling space are occupied, or are intended to be occupied by three or more persons who live independently of each other, provided, that this definition shall not be construed to include any building or structure defined as a hotel in this act, or, registered as a hotel with the Commissioner of Community Affairs as hereinafter provided, or occupied or intended to be occupied exclusively as such. [N.J.S.A. 55:13A-3(k)]
Regulations promulgated by the Commission of the Department of Community Affairs (Commissioner)[1] also define the term "hotel." Thus N.J.A.C. 5:10-2.2 states:
"Hotel" means any building, including but not limited to any related structures, accessory buildings, and land appurtenant thereto, and any part thereof, which: contains ten or more units of dwelling space; or has sleeping facilities for 25 or more persons. This definition shall not be construed to include buildings which are multiple dwellings.
And N.J.A.C. 5:10-3.4, designating "Use group classifications" for all hotels or multiple dwellings, or portions thereof, provides, in pertinent part, the following:

(e) Residential buildings, group L.

All buildings and structures or parts thereof shall be classified in the residential use group, in which families or households live or in which sleeping accommodations are provided for individuals with or without dining facilities:

1. Hotels and lodging houses, group L-1.

Such structures shall include all buildings arranged with either ten rooms used for sleeping purposes or with facilities for sleeping 25 people including hotels, motels, lodging houses, boarding houses, fraternity houses and dormitories.
The hearing examiner who conducted the Department hearing on the requests for an administrative determination made findings and conclusions and recommended to the Commissioner that the three appellant schools "be ordered to permit *117 the Department to inspect their dormitories as `multiple dwellings,'" and that they "be ordered to register their buildings with the Department and pay the required fee." The Commissioner modified the first part of "the recommended decision and order of [the] hearing examiner," by providing that the schools "be ordered to permit the Department to inspect their dormitories as `hotels' rather than `multiple dwellings,'" and adopted the recommended decision and order as thus modified.
From our review of the record submitted on this appeal we are entirely satisfied that the Commissioner's determination is "supported by substantial credible evidence on the whole record, allowing for agency expertise and evaluation of the credibility of witnesses." Parkview Village Asso. v. Collingswood, 62 N.J. 21, 34 (1972). We discern no reason or justification for disturbing it. State v. Johnson, 42 N.J. 146, 162 (1964). The Commissioner's announced conclusion is sound. It is obviously designed to effectuate the essential purpose and intent of the Hotel and Multiple Dwelling Law. See N.J.S.A. 55:13A-2; Rumson Country Club v. Community Affairs Comm'r, 134 N.J. Super. 54 (App. Div.), certif. den. 68 N.J. 482 (1975). Appellants' dormitories come within the definition of the term "hotel" as defined by N.J.S.A. 55:13A-3(j). Considering the remedial nature of the legislation, we are convinced that the term "guests" as used in that section of the legislation was clearly intended to mean and include persons occupying rooms or units for dwelling or sleeping purposes in establishments that provide such facilities on a regular basis. See Baird v. Bradley, 109 Cal. App.2d 365, 240 P.2d 1016, 1018 (D. Ct. App. 1952). As we stated in Rumson Country Club, supra,
The State's interest in protecting the health and welfare of its residents by assuring the provision for "decent, standard and safe units of dwelling space" is equally applicable to private as well as public units. [134 N.J. Super. at 60]
*118 We find the Department regulations which are included in the provisions of N.J.A.C. 5:10-2.2 and N.J.A.C. 5:10-3.4(e)(1) quoted above, to be reasonably necessary and appropriate to implement the declared policy of the legislation as expressed in N.J.S.A. 55:13A-2.
The final decision and order under review is affirmed.
NOTES
[1] See the authority therefor contained in N.J.S.A. 55:13A-6(e) and N.J.S.A. 55:13A-7 et seq.