LEONARD ROTHMAN AND MILDRED ROTHMAN AND ROTH-
MAN REALTY CORP., APPELLANTS, v. DEPARTMENT OF
COMMUNITY AFFAIRS, BUREAU OF HOUSING INSPECTION,
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 10, 1988—Decided June 30, 1988.

Before Judges BILDER and SKILLMAN.

*Leonard Rothman,* appellant, argued the cause *pro se* and for appellant Mildred Rothman.

*Robert W. Goodman* argued the cause for appellant Rothman Realty Corp.

*Donald M. Palombi,* Deputy Attorney General, argued the cause for respondent (*W. Cary Edwards,* Attorney General, *James J. Ciancia,* Assistant Attorney General, of counsel and *Donald M. Palombi,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

The issue presented by this appeal is whether three buildings in Cliffside Park owned by appellants are "multiple dwellings" as defined in *N.J.S.A.* 55:13A–3(k) and therefore subject to the regulatory authority of the Commissioner of Community Affairs (the Commissioner) under the Hotel and Multiple Dwelling Law, *N.J.S.A.* 55:13A–1 *et seq.* Appellants argue that the buildings, each of which contain four housing units, were converted into two separate buildings, each containing two units, when appellant Rothman Realty Corporation conveyed one half of each building to appellants Leonard and Mildred Rothman, and that because a building must contain three or more housing units in order to be a "multiple dwell-

ing," the buildings are not subject to the Hotel and Multiple Dwelling Law. The Commissioner rejected this argument and concluded that appellants' buildings are "multiple dwellings." Therefore, he asserted jurisdiction to determine whether there are violations in the buildings of regulations adopted under the Law. We affirm the Commissioner's decision.

Preliminarily, we note that this matter was brought before the Commissioner as a result of inspection reports prepared by the Bureau of Housing Inspection of the Department of Community Affairs, which stated that there were code violations in the buildings. The Commissioner issued a decision dated February 3, 1987 in which he determined that appellants' three buildings are "multiple dwellings" subject to regulation under the Hotel and Multiple Dwelling Law. However, he has not yet adjudicated the alleged building code violations. Therefore, the appeal is interlocutory. *See McGowan v. Berry*, 210 *N.J.Super.* 469, 472 n. 2 (App.Div.1986). Nevertheless, in view of the substantial period of time which has elapsed since this matter was presented to the Commissioner and the significance of the jurisdictional issue presented by the appeal, we have elected to grant leave to appeal *nunc pro tunc. See Henderson v. Morristown Memorial Hosp.*, 198 *N.J.Super.* 418, 427 (App. Div.1985), certif. den. 101 *N.J.* 250 (1985).

The Hotel and Multiple Dwelling Law confers broad authority upon the Commissioner of Community Affairs to regulate the construction and maintenance of hotels and multiple dwellings. Thus, *N.J.S.A.* 55:13A–7 requires the Commissioner to adopt

> ... such regulations as he may deem necessary to assure that any hotel or multiple dwelling will be constructed and maintained in such manner as is consistent with, and will protect, the health, safety and welfare of the occupants or intended occupants thereof, or of the public generally.

*N.J.S.A.* 55:13A–13(a) provides in pertinent part that "[e]ach multiple dwelling shall be inspected at least once in every 5 years ... for the purpose of determining the extent to which each ... multiple dwelling complies with the provisions of this

act and regulations promulgated thereunder." Where an inspection discloses a violation of the Law or the regulations adopted thereunder, the Commissioner may issue a notice to abate the violation within a fixed period of time. *N.J.S.A.* 55:13A–13(d). If the violation is not corrected within that time period, the Commissioner may impose monetary penalties, *N.J. S.A.* 55:13A–19(b), or file an action in the superior court seeking injunctive relief, *N.J.S.A.* 55:13A–16(b). Moreover, if an inspection reveals a violation of the Law or regulations "which constitutes an imminent hazard to the health, safety or welfare of the occupants ... or of the public generally," the Commissioner may issue an order directing that the building be vacated forthwith. *N.J.S.A.* 55:13A–17.

In order to be subject to these regulatory provisions, a building must be either a "hotel" or a "multiple dwelling." *See* *N.J.S.A.* 55:13A–10, 11, 12 and 13. The term "multiple dwelling" is defined in *N.J.S.A.* 55:13A–3(k) as

> any building or structure of one or more stories and any land appurtenant thereto, and any portion thereof, in which three or more units of dwelling space are occupied, or are intended to be occupied by three or more persons who live independently of each other.

In accordance with the legislative directive contained in *N.J. S.A.* 55:13A–2, we have liberally construed the Commissioner's jurisdiction under the Hotel and Multiple Dwelling Law. Thus, in *Rumson Country Club v. Comm'r of Community Affairs,* 134 *N.J.Super.* 54 (App.Div.1975), certif. den. 68 *N.J.* 482 (1975), we upheld the Commissioner's determination that a country club with six bedrooms on its upper floors for the use of its employees and members was a "multiple dwelling." And in *Blair Academy v. Sheehan,* 149 *N.J.Super.* 113 (App.Div.1977), we upheld the Commissioner's determination that a dormitory in a private school was a "hotel" as defined in the Law. Most significantly, in *Bunting v. Sheehan,* 156 *N.J.Super.* 14 (App. Div.1976), we affirmed the Commissioner's determination that a building which had two street addresses and an interior fire wall in the middle should nevertheless be treated as a single building in determining whether it had three or more dwelling

units and hence was a "multiple dwelling." In our opinion we observed:

> It is of no moment that an interior fire wall, extending from the cellar to a point one foot below the roof line, separates the building into two halves with separate heating units and that for a number of years prior to the purchase of each half by appellant, they had been in separate ownership and had been separately taxed. [*Id.* at 16–17].

The structure of appellants' buildings is similar to the building found to be a "multiple dwelling" in *Bunting.* Each building consists of four apartments. Two apartments are on each side of the buildings, which are divided in the center by a fire wall. Each half of the buildings has a separate street address.

Appellants do not dispute that their buildings, if held in common ownership, would be "multiple dwellings" under our decision in *Bunting.* However, they argue that as a result of the conveyances of half the buildings from Rothman Realty to Leonard and Mildred Rothman, they are no longer "multiple dwellings." Appellants rely upon *N.J.S.A.* 55:13A–3(*l*), which provides that "[t]he term 'owner' shall mean the person who owns, purports to own, or exercises control of any hotel or multiple dwelling." Appellants argue that neither Rothman Realty nor Leonard and Mildred Rothman are "owners" of "multiple dwellings" because the half buildings owned by each party contain only two dwelling units.

However, common ownership is not an element of the basic definition of a multiple dwelling. The only statutory condition for the classification of a building as a "multiple dwelling" is that it contain "three or more units of dwelling space [which] are occupied or intended to be occupied by three or more persons who live independently of each other." *N.J.S.A.* 55:13A–3(k).

Moreover, a reading of the entire definition of "multiple dwelling" contained in *N.J.S.A.* 55:13A–3(k) indicates that the omission of any requirement of common ownership from the basic definition of a "multiple dwelling" was not inadvertent. Thus, in addition to the basic definition of a "multiple dwelling"

previously quoted, a 1983 amendment to *N.J.S.A.* 55:13A–3(k), *L.*1983, *c.* 447, § 1, added to the definition of a multiple dwelling

> any group of ten or more buildings on a single parcel of land or on contiguous parcels *under common ownership,* in each of which two units of dwelling space are occupied or intended to be occupied by two persons or households living independently of each other. [Emphasis added].

If the Legislature had intended common ownership to be an element of the classification of a building containing three or more dwelling units as a "multiple dwelling," it could have expressly stated this requirement just as it did with respect to a cluster of duplexes. In addition, *N.J.S.A.* 55:13A–3(k) excludes from the definition of a multiple dwelling

> any building section containing not more than two dwelling units held under a condominium or cooperative form of ownership, or by a mutual housing corporation, where all the dwelling units in the section are occupied by their owners, if a condominium, or by shareholders in the cooperative or mutual housing corporation, and where such building section has at least two exterior walls unattached to any adjoining building section and is attached to any adjoining building sections exclusively by walls of such fire-resistant rating as shall be established by the bureau in conformity with recognized standards.

This carefully crafted exclusion of certain owner-occupied condominium and cooperative units from the definition of "multiple dwelling" would have been unnecessary if each section of a building under separate ownership were required to be considered independently in determining whether it was a "multiple dwelling." Therefore, we conclude that common ownership of a building is not an element of the basic definition of a "multiple dwelling" under *N.J.S.A.* 55:13A–3(k).

Moreover, the Commissioner expressly found that common ownership had been established in this case. He cited *N.J.S.A.* 55:13A–3(*l*), which defines "owner" as "the person who owns, purports to own, *or exercises control of any hotel or multiple dwelling.*" [Emphasis added]. The Commissioner found that appellants Leonard and Mildred Rothman exercise control over all four units in each of the three buildings in question and therefore are "owners" of all of the buildings. The Commissioner noted that Leonard and Mildred Rothman hold title to one half of each of the buildings in question while

the other half is owned by Rothman Realty Corporation. He also noted that Leonard and Mildred Rothman own 50% of the stock in this corporation, the other 50% being owned by their son, their daughter and their son-in-law as trustee for their grandchildren. In addition, Leonard Rothman is president of the corporation and Mildred Rothman is Secretary and/or Vice President. Based on these factual circumstances, the Commissioner concluded that Rothman Realty Corporation is effectively controlled by Leonard and Mildred Rothman and therefore that both halves of each of the three buildings are under common ownership.

The Commissioner's finding that both halves of the buildings in question are in common ownership is factual in nature. Therefore, it may not be disturbed on appeal unless there is a lack of substantial credible evidence in the record to support the finding. *Henry v. Rahway State Prison*, 81 *N.J.* 571, 579–580 (1980). We are satisfied from our review of the record that there is ample support for the Commissioner's finding.

Accordingly, we affirm the Commissioner's determination that appellants' buildings are "multiple dwellings" subject to regulation under the Hotel and Multiple Dwelling Law and remand the matter to him for hearings on appellants' alleged violations of the Department's building code regulations.